IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENRIQUEZ RICARDO SANCHEZ, §
a/k/a RICARDO ENRIQUEZ SANCHEZ, §
a/k/a RICARDO SANCHEZ ENRIQUEZ, §
TDCJ #01745089, §
 §
    Plaintiff, §
 §
v. § CIVIL ACTION NO. H-17-3335
 §
LORIE DAVIS, §
et al., §
 §
    Defendants. §

## MEMORANDUM AND ORDER

State inmate Enriquez Ricardo Sanchez (TDCJ #01745089) has filed a complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement in the Texas Department of Criminal Justice ("TDCJ"). *See* Docket Entry No. 1. In this action, he sues the following employees or officials at TDCJ: (1) Lorie Davis, Director of the TDCJ Correctional Institutions Division; (2) Mr. Pittman, Supervisor at the Huntsville Unit; (3) Ms. James, Law Librarian; (4) Officer Mayer; (5) Captain Watkens; and (6) Warden Jones. Id.[1]

Plaintiff proceeds *pro se* and has filed an application to

---

[1] Plaintiff recently filed a document entitled "Complaint", which lists numerous defendants from several different prison units for vague, unspecified claims. *See* Docket Entry No. 7. Because Plaintiff states no facts to support claims against any of the defendants he names summarily in that document, he fails to state a claim for which relief may be granted and the pleading is **STRICKEN** as having no force or effect in this case.

proceed in forma pauperis. The Court has conducted the required screening under 28 U.S.C. § 1915A and concludes that this case must be dismissed as frivolous and malicious for the reasons that follow.

## I. **Prison Litigation Reform Act**

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, a court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a prisoner's pro se pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. Haines v. Kerner, 92 S. Ct. 594, 596 (1972); Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct.

2

1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (citing Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (quoting Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. Id. (citations omitted).

## II. Discussion

### A. Davis, Pittman, and Jones

This is the third attempt that Plaintiff has made to sue Davis, Pittman, and Jones for an April 1, 2016 accident where Plaintiff claims that he fell off a ladder because he has an injured heel. *See* Sanchez v. Davis, et al., Civ. A. No. 4:16-cv-2688 (S.D. Tex. Sept. 14, 2017) (dismissed with prejudice on the

merits); *see also* <u>Sanchez v. Davis, et al.</u>, Civ. A. No. 4:16-cv-2356 (S.D. Tex. Sept. 23, 2016) (dismissed without prejudice for failure to exhaust administrative remedies). Plaintiff has asserted claims against Pittman, Davis, and Jones that were brought, or could have been brought, in <u>Sanchez</u>, Civ. A. No. H-16-2688, which, as noted, concluded with a final judgment on the merits. *See* <u>id.</u> Plaintiff's claims against Pittman, Davis, and Jones regarding the April 1, 2016 accident are, therefore, barred by claim preclusion, or *res judicata*. *See* <u>Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)</u>, 163 F.3d 925, 934 (5th Cir. 1999) (stating that claim preclusion applies in a second suit where final judgment on the merits was rendered in a court of competent jurisdiction in an earlier lawsuit involving the same parties and same claims).

In addition, because Sanchez's allegations duplicate those made in another action filed in this district, the claims are subject to dismissal as "malicious" for purposes of the PLRA. *See* <u>Pittman v. Moore</u>, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also* <u>Wilson v. Lynaugh</u>, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*). Accordingly, the claims against Pittman, Davis, and Jones will be dismissed under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and malicious.[2]

---

[2] Plaintiff also alleges, without elaboration, that Davis violates equal protection of the law because she provides greater protection to American population than to the Mexican-American population regarding education. *See* Docket Entry No. 1 at 4. To state a claim for equal protection, a plaintiff must allege facts to show that: (1) the state created two or more classifications of similarly situated prisoners that

4

B.  **Ms. James and Officer Mayer**

Plaintiff alleges that Ms. James, the law librarian, and Officer Mayer interfered with his access to courts. Plaintiff alleges that Ms. James limited his indigent supplies and postage stamps and confiscated his legal materials. *See* Docket Entry No. 1 at 9-10. Plaintiff also states that, at the time the materials were confiscated, he explained that he needed them for another lawsuit, and they allowed him to return to his dorm with all of his legal material. Id. at 10.

Plaintiff alleges that Mayer told him he did not need all of his legal papers and told him that he did not need to go to a hearing, but that if the court needed him that they would contact the prison and let them know. Id. at 11. Plaintiff complains that he was allowed to take only one yellow bag of materials when he went on medical chain. Id. Plaintiff also states that Mayer took away his legal materials for twenty-four hours. Id.

Although Prisoners have a constitutionally protected right of access to the courts, *see* Lewis v. Casey, 116 S. Ct. 2174, 2179 (1996) (citing Bounds v. Smith, 97 S. Ct. 1491, 1492-1493, 1494,

---

were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. *See* Johnson v. Rodriguez, 110 F.3d 299, 306-07 (5th Cir. 1997). Plaintiff pleads no facts to show that Mexican-American prisoners are treated differently than similarly situated American prisoners. Because he does not plead facts to show disparate treatment, he fails to show a violation of the Equal Protection Clause. Accordingly, Plaintiff's equal protection claim is also dismissed.

5

1498 (1977)), a prisoner's right of access to courts is not unlimited. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 118 S. Ct. 559 (1997)). The right encompasses only a reasonably adequate opportunity for inmates to file nonfrivolous legal claims challenging their convictions or conditions of confinement. See Jones, 188 F.3d at 325 (citing Lewis, 116 S. Ct. at 2180). In that regard, inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Lewis, 116 S. Ct. at 2182. Instead, they are merely guaranteed "the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *See* Christopher v. Harbury, 122 S. Ct. 2179, 2186-87 (2002).

Here, there is no indication that any of the actions taken by James or Mayer materially affected any non-frivolous claim related to Plaintiff's confinement. Plaintiff does not identify any pending non-frivolous case that challenges his sentence or the conditions of his confinement, nor does he allege facts to show that any such case was adversely affected by the admittedly brief deprivations of his legal papers and materials. Further, a review

6

of Sanchez, Civ. A. No. 4:16-cv-2688, indicates that Plaintiff's Notice of Appeal in that case was timely. See id. at Docket Entry No. 109. Accordingly, Plaintiff fails to state a claim for which relief may be granted against Ms. James or Officer Mayer for denial of access to the courts.

C. **Captain Watkens**

Plaintiff alleges that Captain Watkens presided over a disciplinary action against him and that Watkens did not want to hear Plaintiff's testimony against Officer Mayer, who allegedly came to harass him in his cubicle on June 8, 2017 and June 9, 2017. Docket Entry No. 1 at 17. He alleges that he received 45 days contact visit and cell restriction and reduction in class from S3 to L1. Id. at 15.

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2975 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2300-01 (1995). A Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he first satisfies the following

7

criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Plaintiff cannot demonstrate a constitutional violation in this instance because he does not allege that he lost good time in connection with his disciplinary proceeding. Even if he had lost good time, he is not eligible for mandatory supervision because of his prior convictions for indecency with a child.[3] See Tex. Gov't Code § 508.149(a)(5) (excluding prisoners convicted of indecency with a child from eligibility for mandatory supervision). This is fatal to Plaintiff's claims. See Malchi, 211 F.3d at 957-58.

Moreover, although the disciplinary conviction at issue resulted in a reduction in classification status and cell restriction with a loss of visitation privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. Madison v. Parker, 104 F.3d 765,

---

[3] See TDCJ Offender Search website, *available at* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=07733700 (last visited Dec. 14, 2017) (indicating that Plaintiff has been convicted of four counts of indecency with a child).

768 (5th Cir. 1997). In that regard, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Further, because Plaintiff has not plead facts to show that his conviction has been overturned, he cannot maintain a section 1983 action for damages or declaratory judgment contravening that conviction and impugning its validity. See Heck v. Humphrey, 114 S. Ct. 2364, 2372-2373 (1994); Edwards v. Balisok, 117 S. Ct. 1584, 1588-89 (1997). Accordingly, Plaintiff's claims against Watkens are dismissed as frivolous.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**; it is further

**ORDERED** that the TDCJ Inmate Trust Fund shall deduct funds from the inmate trust account of Enriquez Ricardo Sanchez, a/k/a Ricardo Enriquez Sanchez, a/k/a Ricardo Sanchez Enriquez (TDCJ #01745089) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid; and it is

**ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice

under 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious.

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov. Plaintiff is further advised that this strike is his third strike under § 1915(g).**[4]

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 20th day of December, 2017.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[4] See Sanchez v. Davis, et al., Civ. A. No. 4:16-cv-2688 (S.D. Tex. Sept. 14, 2017); Sanchez v. Allen, Civ. A. No. 6:11-cv-00234-RP (W.D. Tex. Sept. 28, 2011).